UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT FRIEDMAN,

                Plaintiff,

-against-

SELF HELP COMMUNITY SERVICES, et al.,

                Defendants.

**MEMORANDUM & ORDER**

**11-CV-3210 (NGG) (JMA)**

----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Pro se Plaintiff Robert Friedman brings this action against Morris and Phyllis Friedman ("Friedman Defendants"); the New York Department of Social Services, Adult Protective Services and its employees, New York City Health and Hospitals Corporation, Coney Island Research Institute and its employees, the New York City Comptroller's Office, and the New York City Police Department and its employees (collectively, "City Defendants"); and United Jewish Appeal, Inc., United Jewish Appeal-Federation of Jewish Philanthropies of New York, United Jewish Appeal Federation of New York Charitable Fund LLC, and Self Help Community Services and its employees (collectively, "Self Help Defendants"). (Revised 2d Am. Compl. (Dkt. 49).)

      The action arises from a March 17, 2010, incident that occurred at the apartment of Plaintiff's father, Benjamin Friedman; as a result of the incident, law enforcement was called to the apartment, and Plaintiff was ultimately involuntarily committed to a psychiatric hospital for several months. (See generally id.) In brief, according to Plaintiff:

> This case ultimately involves a long term plan, scheme, and enterprise, through conspiracy and collusion with several parties herein named in this action, to unlawfully, forcibly, evict the Plaintiff Robert Friedman, from his elderly father's home without due process of law, by Stephanie Haik, an unlicensed social worker

1

employed by Self Help Community Services of Brooklyn New York. By Stephanie Haik falsely placing a telephone call to the NYCPD 911 emergency phone number without any actual personal knowledge, and without any actual probable cause, any actual direct evidence, any proper investigation or any due diligence on the part of Ms. Haik or anyone whatsoever employed by Self Help Community Services or any other agency involved. To substantiate a belief that the Plaintiff had either committed or was about to commit a crime, or was physically or mentally ill, or was an imminent danger to his father, himself or to the public. Stephanie Haik then went on to convince[] the NYPD, EMS and Coney Island Hospital staff to unlawfully, forcibly, involuntarily, psychiatrically commit the Plaintiff against his will, and without his informed consent, and without any form of medical evidence whatsoever, and without ever having spoken with the Plaintiff to learn exactly what if any, medical and/or psychiatric disorders that the Plaintiff may suffer from.

(Id. ¶ 29.)[1] Plaintiff now seeks $200 million in damages for violations of his constitutional rights, federal and state antidiscrimination statutes, the Health Insurance Portability and Accountability Act ("HIPPA"), and a variety of state common law torts. (See generally Revised 2d Am. Compl.)

All Defendants moved to dismiss the Revised Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (See Friedman Defs.' Mot. to Dismiss (Dkt. 53); Self Help Defs.' Mot. to Dismiss (Dkt. 59); City Defs.' Mot. to Dismiss (Dkt. 71).)[2] In addition, Self Help Defendants moved for sanctions pursuant to Federal Rule of Civil Procedure 11 against Plaintiff's former counsel, Richard Borzouye, and his law firm, The Borzouye Law Firm. (See Self Help Defs.' Mot. for Sanctions (Dkt. 68).)[3] By Order dated

---

[1] The Revised Second Amended Complaint includes two separate sections with paragraphs numbered 1 to 99. Here, the court cites to the first of the two paragraphs numbered "29."

[2] Self Help Defendants further moved to dismiss pursuant to Rules 12(b)(4) and 12(b)(5) (Self Help Defs.' Mot. to Dismiss at 4) and City Defendants further moved to dismiss pursuant to Rule 12(b)(1) (City Defs.' Mot. to Dismiss at 1-4). Because the court dismisses all claims for failure to state a claim, it does not address these alternative arguments for dismissal.

[3] Self Help Defendants initially sought sanctions against both Plaintiff individually and Borzouye as Plaintiff's counsel, but later withdrew the motion as to Plaintiff individually. (See Mar. 7, 2014, Ltr. (Dkt. 98).)

2

January 6, 2014, the court referred Defendants' motions to dismiss and Self Help Defendants' motion for Rule 11 sanctions to Magistrate Judge Joan M. Azrack for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (See Jan. 6, 2014, Order (Dkt. 93).) For the reasons discussed below, the court ADOPTS IN FULL the R&R, and accordingly, DISMISSES the Revised Second Amended Complaint with prejudice and GRANTS Self Help Defendants' motion for sanctions.

I. **The Report and Recommendation**

On June 10, 2014, Judge Azrack issued an R&R recommending that Plaintiff's Revised Second Amended Complaint be dismissed in its entirety. (R&R (Dkt. 103) at 13-28.)[4] As an initial matter, Judge Azrack recommended that the claims be dismissed sua sponte as frivolous. (Id. at 13-15 ("Having reviewed [P]laintiff's complaint and his accompanying submissions, I find that all of his claims are frivolous and should be dismissed outright on that basis.").) In addition, even if the claims were not deemed legally frivolous, Judge Azrack concluded that Plaintiff failed adequately to allege any of his claims. (Id. at 15-28 (analyzing each cause of action under Rule 12(b)(6) standard).) Judge Azrack also recommended granting Self Help Defendants' motion for sanctions, and suggested sanctions be awarded against Borzouye in the amount of Self Help Defendants' attorneys' fees and costs. (Id. at 29-31.) Judge Azrack concluded that Borzouye filed a legally frivolous complaint without any factual support, and that he failed to explain to the court why his conduct was permissible under Rule 11. (Id.)[5]

---

[4] The court assumes familiarity with the facts of the case, and adopts the thorough summary of the relevant factual allegations included in the R&R. (See R&R at 3-13 & n.2.) In addition, the court has reviewed the same sources of information listed by Judge Azrack in the R&R, including the "Self Help Case File" referenced throughout the Revised Second Amended Complaint and filed by Self Help Defendants in connection with their motion to dismiss. (See id. at 3, 17-18; Decl. of Thomas Catalano in Supp. of Mot. to Dismiss, Ex. C (Dkt. 57-3).)

[5] As Judge Azrack noted, although Plaintiff is now proceeding pro se, Borzouye signed and filed each version of the Complaint in this action. The Revised Second Amended Complaint spans 133 pages and contains over 500 numbered paragraphs. (See generally Revised 2d Am. Compl.)

3

## II. Objections to the Report and Recommendation

During the period since Judge Azrack issued the R&R in June 2014, Plaintiff has made numerous objections to the R&R, as well as numerous motions that tangentially address the R&R, while also seeking additional relief from the court, such as leave to amend the complaint. The court has reviewed each of these filings in reaching its decision to adopt the R&R.[6] These include filings made on June 17, 2014 (Obj. to R&R (Dkt. 104)); June 24, 2014 (2d Obj. to R&R (Dkt. 105)); July 7, 2014 (Ltr. in Resp. to Defs.' Replies (Dkt. 110)); November 3, 2014 (Mot. to Amend Compl. and for Oral Arg. (Dkt. 111)); November 19, 2014 (Another Mot. to Amend Compl. (Dkt. 113)); January 6, 2015 (Ltr. (Dkt. 115)); January 6, 2015 (2d Ltr. (Dkt. 116)); February 6, 2015 (Mot. for Oral Arg. and Against Dismissing the Case (Dkt. 117)); and March 3, 2015 (Another Opp'n to R&R to Dismiss the Case and Award Sanctions (Dkt. 120)). (See also Self Help Defs.' Reply in Opp'n to Mot. for Oral Arg. and Against Dismissing the Case (Dkt. 118) at 2 (listing certain of Plaintiff's filings).)

Defendants oppose Plaintiff's Objections, and rely principally on their briefing before Judge Azrack (See Self Help Defs.' Resp. to Pl.'s Objs. (Dkt. 106); City Defs.' Reply in Supp. of R&R (Dkt. 107); Friedman Defs.' Reply in Support of R&R (Dkt. 108).) Defendants also oppose any attempt by Plaintiff to further amend the Complaint, or to seek a pre-motion

---

[6] In this Memorandum & Order, the court refers to Plaintiff's filings collectively as the "Objections," and uses the relevant filing date in order to refer to a particular filing by Plaintiff. The court notes that Federal Rule of Civil Procedure 72 does not authorize the filing of serial objections, nor does it authorize the filing of objections beyond the fourteen days provided for by Rule 72(b)(2). As no Defendant has moved to strike any of Plaintiff's filings, and in light of Plaintiff's pro se status, the court has considered each of the filings in reaching its decision. See McFadden v. Pataki, No. 06-CV-13330 (KMK) (PED), 2014 WL 1759795, at *3 (S.D.N.Y. Apr. 25, 2014) ("The Court has undertaken a careful review of all of Petitioner's submissions that postdate the R & R [including a letter and an affidavit]."); In re Pan Am. Corp., No. 98-CV-783 (RCC) (RLE), 2000 WL 254010, at *1 n.1 (S.D.N.Y. Mar. 7, 2000) (in pro se bankruptcy appeal, considering several filings by pro se party objecting to a report and recommendation). Relatedly, Judge Azrack liberally construed Plaintiff's opposition to the motions to dismiss, as he was proceeding pro se by that point in the action. (See R&R at 17.) The factual allegations in the Revised Second Amended Complaint, however, were drafted and signed by Borzouye. (Id. at 16-17.) They therefore are not subject to a liberal, pro se pleading standard. (Id.)

conference or oral argument regarding his claims. (See, e.g., City Defs.' Resp. in Opp'n to Mot. to Amend (Dkt. 114); Self Help Defs.' Reply in Opp'n to Mot. for Oral Arg. and Against Dismissing the Case (Dkt. 118).)

Finally, former counsel Borzouye did not file an objection to the R&R. Nor did Borzouye respond to the motion for sanctions when previously directed to do so by this court and by Judge Azrack. (See Mar. 6, 2014, Min. Entry (noting Borzouye's attendance at court conference, relieving Borzouye as counsel, and ordering Borzouye to respond to the motion for sanctions by March 14, 2014); R&R at 12-13 ("However, the Self Help [D]efendants did not withdraw their sanctions motion against Borzouye, who—for the second time—chose to disregard the Court's orders and not file a response to the Self Help [D]efendants' sanctions motion.").)[7]

## III. Discussion

The court has conducted a review of the full record, including the operative Revised Second Amended Complaint, the parties' submissions to Judge Azrack, the R&R and the applicable law, and the parties' post-R&R submissions to this court.

### A. Standard of Review

In reviewing a magistrate judge's R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. To obtain this

---

[7] Previously, in purporting to respond to Self Help Defendants' motion for sanctions, Borzouye filed a cross-motion for sanctions that largely plagiarized the text of Self Help Defendants' own motion; the court struck the cross-motion for sanctions and ordered that Borzouye show cause why the court should not impose sanctions against him with respect to both the allegations in the Complaint and the frivolous cross-motion for sanctions. (See Sept. 27, 2013, Order (Dkt. 86).) To date, Borzouye has failed to respond to the court concerning his conduct in this case.

5

de novo review, an objecting party "must point out the specific portions of the report and recommendation to which [that party] object[s]." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002). Portions of an R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour, 2012 WL 728227, at *2.

Where a pro se party objects to an R&R, "the court reads his objections 'liberally and will interpret them to raise the strongest arguments that they suggest.'" Velasquez v. Metro Fuel Oil Corp., 12 F. Supp. 3d 387, 398 (E.D.N.Y. 2014) (quoting Burgos v. Hopkins, 14 F.3d 787, 780 (2d Cir. 1994)). However, a court "need not argue a pro se litigant's case nor create a case for the pro se which does not exist." Molina v. State of N.Y., 956 F. Supp. 257, 259 (E.D.N.Y. 1995). Under this charitable standard, the court finds that Plaintiff has put forward certain specific Objections to the R&R; below, the court reviews de novo those portions of the Objections. The remaining Objections, however, are conclusory, general, or repetitive of the briefing before Judge Azrack, and therefore require only clear error review, along with those portions of the R&R to which Plaintiff does not object.

### B. General Objections

As discussed above, Plaintiff made several submissions objecting to the R&R. For the most part, however, the voluminous submissions merely repeat arguments that he made in opposition to Defendants' motions to dismiss or state conclusory, general objections to the R&R.

(See, e.g., June 24, 2014, Obj. at 2 ("Your Honor I once again ask you not to dismiss the case in the int[e]rests of justice and due process. The Ma[g]istrate is totally wrong when she wrote the case should be dismissed because it is frivo[]lous because it is [delusional] and having fantasies.").) Cf. Owusu v. N.Y. State Ins., 655 F. Supp. 2d 308, 312 (S.D.N.Y. 2009) ("The Court has reviewed Plaintiff's objections and, though voluminous, finds them lacking any specific argument for the Court to analyze; Plaintiff's objections only rehash arguments already addressed by the Magistrate Judge."). The court has considered each and every submission made by Plaintiff, including the submission filed as recently as March 3, 2015, but has not attempted to log every statement contained in the numerous filings. Suffice it to say, sheer length and repetition of an argument do not transform a general objection into the specific. The court has reviewed for clear error the portions of Judge Azrack's R&R covered by Plaintiff's general Objections and finds none. Accordingly, the court ADOPTS those portions of the R&R.

### C. Specific Objections

Below, the court analyzes specific sections of the R&R on which Plaintiff focuses his Objections. Applying de novo review, the court ADOPTS each of those portions of the R&R specifically objected to.

#### 1. Intentional and Negligent Infliction of Emotional Distress

Plaintiff focuses on various alleged statements made by certain Defendants to law enforcement. (See, e.g., July 7, 2014, Obj. at 1 (Defendants "illegally [called] the police and ems to my motel room trying to readmit me to the hospital by making up lies to the police and ems.. these two actions by itself are grounds for intentional infliction of emotion distress [("IIED")] because it meets the three elements the actions were extreme and outrageous since it was illegal to make those phone calls which were malicious lies not accidental false . . . ."); Mar. 3, 2015,

7

Obj. at 2 ("At about 9 am the self help workers once again made another felonious criminal phone call to the police and the ems on me even though my father or no one else was in room, the reason they did this was to make another prank call to try to have me readmitted.").) But, as Judge Azrack concluded, "'allegations of providing false information to the police . . . do not suffice' for a claim of IIED absent additional outrageous behavior." (R&R at 22 (quoting Rivers v. Towers, Perrin, Forster & Crosby Inc., No. 07-CV-5441 (DGT) (RML), 2009 WL 817852, at *3 (E.D.N.Y. Mar. 27, 2009)).) Based on the facts alleged by Plaintiff, the communications between Defendants and law enforcement certainly were not outrageous.

Plaintiff also argues that although Judge Azrack may have been correct that HIPPA does not provide a private right of action (see R&R at 28), Defendants here committed a criminal HIPPA violation, and that such a violation serves as the basis of the claim of IIED (see June 24, 2014, Obj. at 3). But even if the various conversations alleged by Plaintiff between hospital staff and Defendants occurred (see July 7, 2014, Obj. at 2), considering the totality of the circumstances, these alleged conversations certainly do not rise to the level of "extreme and outrageous conduct," as required by New York state law. See Rivers 2009 WL 817852, at *8.

Moreover, Judge Azrack correctly concluded that the negligent infliction of emotional distress ("NIED") claim fails for two independent reasons. First, Plaintiff has only alleged intentional conduct by Defendants, foreclosing an NIED claim. (R&R at 22.) Second, to the extent Plaintiff alleges that Defendant Haik acted negligently, "it is not plausible that . . . she acted negligently in calling the police." (Id.)

2. Defamation

Plaintiff argues that Judge Azrack erred in dismissing his claims of defamation and defamation per se. (See, e.g., July 7, 2014, Obj. at 2.) According to Plaintiff, a private

8

individual can bring a defamation claim against another private individual where the speaker made the defamatory statements with malice. (See id.) Indeed, as Judge Azrack noted in the R&R, there is a qualified privilege for statements made to police about another individual's suspected crimes, which requires a plaintiff challenging these statements to allege that the speaker acted with actual malice or with common law malice. (See R&R at 26 (citing Toker v. Pollak, 44 N.Y.2d 211, 220 (1978); Liberman v. Gelstein, 80 N.Y.2d 429, 437-39 (1992).) As Judge Azrack correctly concluded, Plaintiff failed plausibly to allege malice—in other words, that Defendants knew that the statements they made to the police (e.g., that Plaintiff has schizophrenia and that he was abusing his father) were false. (See id.)

3. Frivolousness and Rule 11 Sanctions Against Borzouye

With respect to the motion for sanctions, Plaintiff objects to Judge Azrack's recommendation of imposing sanctions against Borzouye (see, e.g., June 17, 2014, Obj. at 11 ("Finally, I once again ask that you don't impose sanctions against my former attorney. Even though I personally filed a grievance against him, Self Help[,] the 3 UJA charities, or their law firm should not be unjustly enriched from Self Help's criminal activities."); id. at 12 ("Richard Borzouye should not have to pay sanctions because this is absolutely not a frivolous case."); Mar. 3, 2015, Obj. at 3 ("There never was an intention to harass we were and I still am seeking justice from the harm that was inflicted by defendants . . . .").)

Even if construed as a specific objection to the imposition of sanctions against Borzouye, rather than generalized and conclusory remarks, the court adopts Judge Azrack's analysis. Documents submitted by Self Help Defendants indicate that Borzouye lacked a sufficient factual basis to file any of the complaints in this action, including the operative Revised Second Amended Complaint. (R&R at 30-31.) When faced with a request from Self Help Defendants to

withdraw the pleading before they were forced to file a motion to dismiss (see id. at 29 n.10), Borzouye failed to respond (id. at 29-30). The court notes, as well, that Borzouye included at least one cause of action in the Revised Second Amended Complaint that has absolutely no basis in law. (See id. at 28 (concluding that HIPPA does not provide for a private right of action and citing cases).)

Plaintiff argues that the case is not frivolous, and therefore sanctions against Borzouye are not appropriate. (See, e.g., Nov. 19, 2014, Obj. at 9.) To the extent Plaintiff objects to Judge Azrack's conclusion that the Revised Second Amended Complaint is legally frivolous, the court has reviewed de novo that portion of the R&R and adopts Judge Azrack's reasoning. (See, e.g., R&R at 14 ("The notion that numerous government employees and agencies would conspire with the Friedmans to help secure the Friedmans' inheritance by falsely arresting and civilly committing [P]laintiff sounds delusional, because it is delusional."); id. ("The frivolousness of [P]laintiff's claims is underscored by the fact that, as part of the Mental Hygiene Court's proceedings, two independent doctors concluded that [P]laintiff has 'Bipolar Disorder with psychotic features.'" (quoting sworn declarations of independent psychiatrists who examined Plaintiff after the March 17, 2010, incident)).) See also Scanlon v. Vermont, 423 F. App'x 78, 78 (2d Cir. 2011) (summary order) ("An action is frivolous if it lacks an arguable basis in law or fact—i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989))); Fitzgerald v. First E. Seventh Street Tenants Corp., 221 F.3d 362 (2d Cir. 2000) (per curiam).

Plaintiff urges the court to allow him to file a further amended complaint due to Borzouye's misconduct and poor performance on the case. (See Nov. 19, 2014, Obj. at 1-3

(explaining that Plaintiff filed a grievance against Borzouye and that Borzouye was suspended from practicing law).) The fact that Borzouye engaged in sanctionable conduct before this court and that he may be suspended by the relevant authorities, however, does not mean that further amendment would cure the deficiencies in the Revised Second Amended Complaint. Indeed, as discussed below, the court finds that further amendment of the Complaint would be futile. If Plaintiff believes that Borzouye compromised his case, his proper recourse is a separate action or proceeding against Borzouye. Cf. Williams v. Woodhull Med. Health Ctr., 891 F. Supp. 2d 301 (E.D.N.Y. 2012). The court notes, again, that sanctions have not been imposed against Plaintiff himself.

Finally, Judge Azrack did not address the specific monetary sanction, and noted that Self Help Defendants have yet to have an opportunity to submit a particularized fee application. (R&R at 31 n.12.) Accordingly, the determination of the specific monetary sanction imposed on Borzouye and due to Self Help Defendants is REFERRED to Magistrate Judge James Orenstein for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(a).[8]

### D. Remainder of the Report and Recommendation

Portions of the R&R to which a party makes no objection are reviewed for clear error. U.S. Flour, 2012 WL 728227, at *2. The court therefore reviews for clear error the portions of Judge Azrack's R&R that were not objected to and finds none. Accordingly, the court also ADOPTS those portions of the R&R.

---

[8] On January 13, 2015, this case was re-assigned to Magistrate Judge Orenstein.

## IV. Plaintiff's Other Requests

In addition to filing Objections to the R&R, Plaintiff has made several requests for relief from the court. The court DENIES each of these requests.

First, Plaintiff requests leave to further amend the Complaint, arguing that Borzouye's "incompetence jeopardized the status of my case . . . ." (See, e.g., Nov. 19, 2014, Obj. at 2.) Whether or not Borzouye adequately represented Plaintiff in this case, amendment would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (affirming denial of pro se Plaintiff's request for leave to amend, since "[t]he problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile"); Fed. R. Civ. P. 15(a)(2). Plaintiff has already amended the Complaint several times, and has had ample opportunity to defend the lengthy allegations contained in the Revised Second Amended Complaint. Accordingly, Plaintiff's requests for leave to amend the Complaint are DENIED.

Second, and in connection with his requests for leave to further amend the Complaint, Plaintiff requests a pre-motion conference before the court. (See, e.g., Jan. 6, 2015, Obj. at 1.) Given the court's denial of Plaintiff's requests for leave to amend, the request for a pre-motion conference is DENIED as moot.

Third, Plaintiff requests oral argument. (See, e.g., Feb. 6, 2015, Obj. at 1.) The requests for oral argument are DENIED. Although a party may request oral argument before the court, it is in the court's discretion whether to hear oral argument. See Individual Rule III.D. Here, the voluminous record and Judge Azrack's thorough analysis provide the court with a satisfactory basis on which to adopt the R&R and to deny Plaintiff's various requests without the need for oral argument from the parties.

Finally, Plaintiff requests leave to subpoena various materials, including, inter alia, "the conversation Self help employees had with Medicaid to pay the hospital bill [and] the letters that Self help employees wrote to the late Judge Anthony Cutrona to keep me falsely imprisoned in the hospital." (See, e.g., Nov. 3, 2014, Obj. at 1-2.) As the court is dismissing all claims with prejudice, Plaintiff's requests are DENIED as moot.

V. **Conclusion**

Accordingly, for the reasons set forth above:

- The court ADOPTS IN FULL the R&R dismissing the Revised Second Amended Complaint and imposing Rule 11 sanctions against Borzouye. The Clerk of Court is respectfully DIRECTED to enter judgment for Defendants.

- The determination of the monetary sanction imposed on Borzouye and due to Self Help Defendants is REFERRED to Magistrate Judge James Orenstein for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(a).

- Plaintiff's requests for leave to further amend the Complaint are DENIED. (Dkts. 105, 110, 111, 113, 116, 120.)

- Plaintiff's request for a pre-motion conference is DENIED. (Dkt. 116.)

- Plaintiff's requests for oral argument are DENIED. (Dkts. 104, 110, 111, 113, 116, 117.)

- Plaintiff's requests for leave to subpoena materials are DENIED. (Dkts. 104, 110, 111, 113, 116, 117.)

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
March 17, 2015

NICHOLAS G. GARAUFIS
United States District Judge