UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROBERT FRIEDMAN,

                Plaintiff,

-against-

SELF HELP COMMUNITY SERVICES, INC., et al.,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-3210 (NGG) (JO)**

NICHOLAS G. GARAUFIS, United States District Judge.

On February 25, 2011, Plaintiff Robert Friedman, then acting with the assistance of attorney Richard D. Borzouye ("Borzouye"), filed a complaint in the Supreme Court of the State of New York, Kings County, containing numerous claims stemming from Plaintiff's March 17, 2010, removal from his father's apartment and involuntary commitment to the Coney Island Hospital. (Not. of Removal (Dkt. 1).) Defendants[1] removed the action to this court on July 5, 2011. (Id.) Plaintiff subsequently amended the complaint multiple times to include numerous additional claims and defendants, including United Jewish Appeal, Inc.; United Jewish Appeal-Federation of Jewish Philanthropies of New York; United Jewish Appeal Federation of New York Charitable Fund LLC; and Self Help Community Services, Inc. and its employees (collectively, the "Self Help Defendants"). (See Revised Second Am. Compl. (Dkt. 49).)

---

[1] The original defendants in the case, Isaac Landau and Superior Realty Group LLC, were subsequently dismissed from the action. (Stip. of Dismissal (Dkt. 10).) Plaintiff amended the Complaint to include the following defendants: Self Help Community Services, Inc.; United Jewish Appeal, Inc.; United Jewish Appeal-Federation of New York; United Jewish Appeal-Federation of Jewish Philanthropies of New York; United Jewish Appeal-Federation of New York Charitable Fund, L.L.C.; Stephanie Haik; Elisabeth Schneider; Svetlana Gitman; Stephanie Zylberberg; Melissa Gardonyi; City of New York; City of New York Human Resources Administration; New York City Department of Social Services; Adult Protective Services of Brooklyn; Brenda Perry; William Taiwo; Denise Bumbery; Morris Friedman; Phyllis Friedman; New York City Health and Hospital Corporation; Coney Island Hospital Research Institute; Unidentified Coney Island Hospital Psychiatric Ward Intake Counselor on Duty 3/17/2010; Joanne Abrams; Mary Schafer; Coney Island Hospital Psychiatric Chief of Staff; Devitte Elverson, M.D.; Lance Winslow, PhD.; New York City Comptroller's Office; Seven Unidentified NYPD Officers; and Two Unidentified NYC EMS. (Revised Second Am. Compl. (Dkt. 49).)

1

The Self Help Defendants moved to dismiss the Complaint (Self Help Defs.' Mot. to Dismiss (Dkt. 59)) and, separately, moved for sanctions against Borzouye pursuant to Rule 11 of the Federal Rules of Civil Procedure (Self Help Defs.' Mot. for Sanctions (Dkt. 68)). On March 17, 2015, the court granted the Motion to Dismiss, ordered sanctions in the form of reasonable attorneys' fees against Borzouye and, pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, referred determination of the sanctions amount to Magistrate Judge James Orenstein for a report and recommendation ("R&R"). (See Order Adopting R&R (Dkt. 121) at 9-11.)

On August 31, 2016, Judge Orenstein issued an R&R recommending sanctions in the amount of $38,906.45, comprised of $38,743.50 in attorneys' fees and $162.95 in costs. (See R&R (Dkt. 138) at 1.) No party has objected to Judge Orenstein's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 5-6 ("Any objections to this Report and Recommendation must be filed no later than September 19, 2016.").)

A district court reviewing an R&R "may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). Where there is no objection to the R&R, the court "need only satisfy itself that there is no clear error on the face of the record." See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) (quoting Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001); see also Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order).

I. DISCUSSION

Where a party violates Rule 11's requirements, courts may impose a sanction against the offending party including, inter alia, "an order directing payment . . . of part or all of the

2

reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). "When a court determines that attorneys' fees and costs should be used as sanctions under Rule 11, the award should be based both on the total amount of reasonable attorneys' fees and costs attributable to the sanctioned party's misconduct and the amount needed to serve the deterrent purposes of Rule 11." See Eastway Const. Corp. v. City of New York, 821 F.2d 121, 122-23 (2d Cir. 1987). The court will address the total amount of attorneys' fees and costs and the amount needed to serve Rule 11's deterrent purposes below.

### A. Calculation of Reasonable Fees and Costs

#### 1. Attorneys' Fees

In calculating reasonable attorneys' fees "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" Millea v. Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cty. Of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). "[T]he party seeking [attorneys' fees] . . . bears the burden of proving the reasonableness and necessity of hours spent and rates charged. . . . supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates." Tr. of the Sheet Metal Workers Local Union No. 28 Ben. Fund. v. K&K Const. of Queens Cty., Inc., No. 10-CV-392 (ADS) (ARL), 2011 WL 4530145, at *2 (E.D.N.Y. May 11, 2011) (citing New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983)). Courts calculating the lodestar should base their determination on "what a reasonable, paying client would be willing to pay," including consideration of

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required

3

to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

Arbor Hill, 522 F.3d at 184. Courts in this district have generally "found reasonable hourly rates to be approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates." See Sass v. MTA Bus Co., 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014).

While Judge Orenstein's R&R does not specifically address the noted considerations, the court agrees with his conclusion that both the amount of time expended and the hourly fees charged are reasonable. The Self Help Defendants submitted detailed contemporaneous records of their attorney's time spent in responding to Borzouye's frivolous Complaint and motions.[2] These records list an hourly rate of $195 for partner Thomas A. Catalano and $75 for paralegal assistant Yassed Baez. Examining these records in light of the factors articulated in Arbor Hill, the court finds particularly relevant the "complexity and difficulty of the case" and "the resources required to prosecute the case effectively." Even a cursory review of Plaintiffs' nearly 150 page Complaint and myriad other filings reveals the numerous, complex, and often confusing issues presented by Borzouye's frivolous submissions. Catalano's contemporaneous billing reports do not demonstrate any inappropriate, wasteful, or needless work, and the hourly rate sought falls well below the rates viewed as reasonable within this district. Borzouye offers no challenge to the reasonableness of either the time expended or the rate charged, and the court

---

[2] Judge Orenstein notes that the Self Help Defendants "seek the reimbursement of only those fees and expenses incurred as a direct result of Borzouye's misconduct" (R&R (Dkt. 121) at 5), and so their submission satisfies Rule 11's requirement that only fees and costs directly attributable to the violation may be awarded.

4

finds none itself. Accordingly, the court adopts Judge Orenstein's finding that both the number of hours expended and hourly rate are reasonable and that the Self Help Defendants' compensable attorneys' fees total $38,743.50.³

## 2. Other Compensable Costs

Courts awarding attorneys' fees in the context of Rule 11 sanctions generally also award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee paying clients." Kirchner v. Zoning Bd. Of Appeals of Incorporated Vill. of Valley Stream, 159 F.R.D. 391, 397 (E.D.N.Y. 1995) (citing Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987)). The court agrees with Judge Orenstein's assessment that the Self Help Defendants' claim for $162.95 incurred in copying and postage costs are reasonable and should be included in the total calculation of attorneys' fees and costs.

## B. Meeting the Goals of Rule 11

Determination of the amount of Rule 11 sanctions does not necessarily end with calculation of reasonable attorneys' fees and costs. "[T]he purpose of the sanctioning mechanism of Rule 11 'is not reimbursement but sanction' 'and [] accordingly, Rule 11 sanctions shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others.'" Katzman v. Victoria's Secret Catalogue, 167 F.R.D. 649, 661 (S.D.N.Y. 1996) (quoting Pavelic & LeFlore v. Marvel Entm't Grp., 493 U.S. 120, 126 (1989). In the context of awards of reasonable attorneys' fees and costs, courts must be mindful that "Rule 11 provides for sanctions, not simply fee shifting." Landmark Ventures, Inc., v. Cohen, No. 13-CIV. 9044 (JGK), 2014 WL 6784397 at *6 (S.D.N.Y. Nov. 26, 2014). In exercising its

---

³ Judge Orenstein came to this number by multiplying Catalano's number of hours expended by his hourly rate (198.3 hours times $195, totaling $38,668.50) and doing the same for Baez (one hour billed at $75). (R&R at 4.)

discretion to adjust the award, a court may consider the factors listed in the Advisory Committee's notes to Rule 11:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants . . . .

See Kirchner, 159 F.R.D. at 395-96 (quoting Notes of Advisory Committee to Rule 11, 1993 Amendments).

The court concludes that an award of the full amount of attorneys' fees and costs is not the proper measure of sanctions in this instance. To be sure, Borzouye's misconduct was extreme. As Judge Joan M. Azrack[4] found, "[a]ll of the evidence indicates that Borzouye did not have a good-faith basis for the various allegations and claims . . . that he asserted against the Self Help defendants." (R&R (Dkt. 103) at 31.) This court also struck one of Borzouye's submissions—a "cross-motion for sanctions"—in part because it almost entirely plagiarized the Self Help Defendants' motion for sanctions. (Sept. 27, 2013, Order (Dkt. 86).) This misconduct infected every aspect of the case until Borzouye's removal, and the Self Help Defendants incurred substantial attorneys' fees as a direct result of his actions. Despite this reprehensible behavior, the court's discretion is bound by the guidance that its sanctions must be limited to the amount necessary to prevent repetition of the offense. The Self Help Defendants have not made

---

[4] This case was originally assigned to then-Magistrate Judge Azrack, and Judge Azrack wrote the initial R&R recommending dismissal of all claims and sanctions as to Borzouye. (R&R (Dkt. 103).) The case was re-assigned to Judge Orenstein on January 13, 2015. (Jan. 13, 2015, Case Reassignment.)

6

a showing that sanctions consisting of the full amount of attorneys' fees and costs is necessary to deter future misconduct by Borzouye or other, similar parties,[5] and the court concludes that awarding all fees and costs incurred would inappropriately stray beyond deterrence into simple fee shifting. In view of the findings and principles above, the court concludes that a sanction of $20,000 adequately reflects the seriousness of Borzouye's misconduct and will deter similar flagrant misconduct by him and others in the future.

## II.  CONCLUSION

The court imposes a sanction of $20,000 and ORDERS Richard D. Borzouye, Plaintiff's former counsel, to pay this amount to the Self Help Defendants. The Clerk of Court is respectfully requested to enter judgment accordingly.

SO ORDERED.

Dated: Brooklyn, New York
February [7], 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[5] Judge Orenstein credited the Self Help Defendants with tacitly taking into account "the need to provide only so much reimbursement as will deter similar misconduct in the future" through their request for only those fees directly attributable to Borzouye's misconduct and seeking an hourly rate far below that which is acceptable for Catalano's work. (See R&R at 5). The court respectfully disagrees with Judge Orenstein's reasoned opinion on this matter. As discussed above, a party can only seek sanctions with respect to actions attributable to the violations at issue. Moreover, it would certainly have been improper to seek compensation at a higher hourly rate than that actually paid to Catalano.