UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROBERT FRIEDMAN,

                Plaintiff,

      -against-

SELF HELP COMMUNITY SERVICES, INC., et al.,

                Defendants.
-------------------------------------------------------------------X

**ORDER**

**11-CV-3210 (NGG) (JO)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Before the court is a renewed motion by Defendants United Jewish Appeal, Inc.; United Jewish Appeal-Federation of Jewish Philanthropies of New York; United Jewish Appeal Federation of New York Charitable Fund LLC; and Self Help Community Services, Inc., and its employees (collectively, the "Self Help Defendants") for coercive contempt sanctions against non-party Richard Borzouye, former counsel for Plaintiff Robert Friedman. (See Apr. 26, 2018, Request to Renew Mot. for Contempt (Dkt. 169); Sept. 7, 2018, Letter (Dkt. 191); see also June 27, 2018, Mem. & Order ("M&O") (Dkt. 180) (holding in abeyance entry of an order of contempt against Borzouye).) Earlier today, the court granted the Self Help Defendants' request for coercive contempt sanctions and issued a warrant for Borzouye's arrest. (See Oct. 12, 2018, Min. Entry.) The court issues this opinion to provide a fuller statement of its reasons.

**I.    BACKGROUND**

    The court assumes the parties' familiarity with the prior history of this action, as recounted in the most recent written opinion in this case. (See M&O at 2-4.) In the M&O, the court found that the facts of this case support holding Borzouye in contempt of court. (Id. at 7-11.) Nevertheless, the court deferred entry of contempt and ordered Borzouye to show cause in writing that he is unable to pay the previously ordered $20,000 in sanctions (the "Sanctions

1

Order") and that his failure to pay has not been willful, both of which the court must resolve in the Self Help Defendants' favor before a warrant for Borzouye's arrest can issue. (See id. at 14-20.)

At a hearing on July 17, 2018, Borzouye agreed to assign a $10,000 lien on legal fees from a prior representation to the Self Help Defendants and provide proof of assignment to the court by July 20, 2018. (July 17, 2018, Min. Entry.) He also agreed to make at least one monthly payment on the outstanding sanctions by September 7, 2018. (Id.) On September 7, 2018, the Self Help Defendants informed the court that Borzouye had not assigned the lien or made any monthly payments under the Sanctions Order, nor have Borzouye or his counsel been in contact with the Self Help Defendants. (Sept. 7, 2018, Letter.) At a hearing on September 12, 2018, Borzouye executed an assignment of the lien. (Sept. 12, 2018, Min. Entry; Assignment of Lien (Dkt. 193-1).) He also agreed to provide the court with documentation as to his income and assets, as first ordered in the M&O. (Sept. 12, 2018, Min. Entry; see M&O at 19 (directing Borzouye to provide the court with "evidence regarding his ability to pay the Sanctions Order").) Finally, Borzouye informed the court that he hoped to obtain employment by the end of September and would keep the court and the Self Help Defendants apprised of his progress on that front. (See Sept. 12, 2018, Min. Entry; Oct. 10, 2018, Letter (Dkt. 194).) The court scheduled a status conference for October 12, 2018, to receive further updates. (Sept. 12, 2018, Min. Entry.)

Earlier this week, the Self Help Defendants informed the court that Borzouye and his attorney have, once again, gone silent. (Oct. 10, 2018, Letter.) Borzouye has not complied with the court's September 19, 2018, deadline for production of evidence relating to his income and assets, nor has his counsel responded to inquiries from counsel for the Self Help Defendants as to

whether Borzouye has obtained employment. (Id.) The Self Help Defendants, not wanting to incur additional legal fees in pursuit of the sanctions that they are owed, requested that the court adjourn the conference scheduled for October 12, 2018. (Id.) The court denied the adjournment request and ordered Borzouye to appear at the October 12, 2018, conference, with "physical copies of documentation as to his family's income and assets." (Oct. 11, 2018, Order.) The court warned Borzouye that failure to appear at the conference, or continued failure to fulfill his obligations under the court's previous orders, would lead to an entry of contempt and the issuance of a warrant for his arrest. (Id.)

This morning, the court received calls from Borzouye and his attorney informing the court that Borzouye's car had been repossessed and that he would accordingly not be able to attend the conference. The court reminded Borzouye and his attorney that the October 12, 2018, conference had been scheduled for over a month, and that Borzouye could find alternate transportation to the conference. Neither Borzouye nor his attorney appeared at the conference.

## II. LEGAL STANDARD

"A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). "If a party is adjudged to be in civil contempt, the court must determine what sanctions are necessary to secure future compliance with its order and to compensate the complaining party for past noncompliance." Bank of Credit & Commerce Int'l (Overseas) Ltd. v. Tamraz, No. 97-CV-4759 (SHS), 2006 WL 1643202, at *3 (S.D.N.Y. June 13, 2006). Civil contempt sanctions may be tailored either to "secure future compliance with court orders" ("coercive sanctions") or to "compensate the party that has been wronged" ("compensatory sanctions"). Paramedics

Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 657 (2d Cir. 2004). In determining the proper measure of sanctions, the court must consider "(1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1353 (2d Cir. 1989). "Arrest is an appropriate coercive sanction for civil contempt, so long as its purpose is not punitive but is instead to compel the contemnor to perform the required act." Tamraz, 2006 WL 1643202, at *3. In order to imprison a contemnor to compel compliance with the court's orders, the court must find that the contemnor's disobedience is willful. See Armstrong v. Guccione, 470 F.3d 89, 101 (2d Cir. 2006); see also Spectacular Venture, L.P. v. World Star Int'l, Inc., 927 F. Supp. 683, 685 (S.D.N.Y. 1996) ("[I]f the contemnor can establish that he or she is unable to comply with the Court's order, the contempt sanction must be lifted because it ceases to have a useful coercive effect.").

## III. DISCUSSION

The court previously found that Borzouye is in contempt of court. (See M&O at 7-12.) The court deferred entry of contempt sanctions to give him time to demonstrate whether coercive sanctions, including imprisonment, would be appropriate. (See id. at 12-19.) Whether, and to what degree, the court may enter contempt sanctions against Borzouye turns on two questions: whether he has the ability to pay any part of the Sanctions Order; and whether his disobedience with the court's previous orders has been willful. (See id.) As the contemnor, Borzouye "bears the burden of producing evidence of his inability to comply" with the Sanctions Order. (M&O at 15 (quoting Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995)).) While the Self Help

4

Defendants bear the burden of proving that Borzouye has not made a good-faith effort to comply with the court's orders, the court previously noted that it would "consider the Self Help Defendants to have met their burden if Borzouye does not produce evidence rebutting the inference of willfulness raised by the Self Help Defendants." (Id. at 18 n.6 (quoting King v. Allied Vision, Ltd., 919 F. Supp. 747, 752 (S.D.N.Y. 1996)).)

The court first finds that Borzouye has not met his burden of proving that he is unable to pay any portion of the Sanctions Order. The court has now, on three separate occasions, ordered Borzouye to provide documentary evidence regarding his ability to pay. (See M&O at 19; Sept. 7, 2018, Order to Show Cause (Dkt. 192) at 2; Sept. 12, 2018, Min. Entry.) Borzouye has not complied with any of these orders. Instead, the only document that the court has received from Borzouye regarding his ability to pay is a three-page, pro se, unsworn affidavit that Borzouye submitted in response to the M&O. (See Borzouye Aff. (Dkt. 181).) In the affidavit, Borzouye acknowledged his failure to make payments on the Sanctions Order. (Id. ¶ 2.) He attested that his bank account has a "negative balance," that he was, at that time, "three months behind in rent of [his home]," and that he and his family "do not have any investment accounts or savings to speak of." (Id. ¶¶ 3-4.) The court has repeatedly ordered Borzouye to provide documentation to support his claim of inability to pay, but he has not complied. Accordingly, due to Borzouye's failure to prove that he does not have the ability to pay any portion of the Sanctions Order, the court finds that he has failed to meet his burden of demonstrating inability to pay.

The question, then, is what sanctions should issue for his contempt. As set forth in the M&O, the court must make the following findings before issuing a warrant for a contemnor's arrest: (1) that the character and magnitude of the harm threatened by the continued contumacy are sufficiently serious; (2) that the sanction will probably be effective in bringing about

compliance with the court's orders; (3) that the contemnor has the ability to pay the sanctions; and (4) that the contemnor's failure to comply was willful. (See M&O at 12-13, 16-17.) Contempt is willful if, among other factors, the contemnor has not made a good-faith effort to comply. (See id. at 17.) While the court previously noted that the burden of proving willfulness falls on the Self Help Defendants, the court also stated that it would consider them to have met their burden if Borzouye did not produce evidence rebutting the inference of willfulness raised by the Self Help Defendants in their previous submissions. (See id. at 18 n.6.) The court finds that Borzouye has not rebutted the inference of willfulness. On numerous occasions this year he has appeared in court and apologized for his past behavior, yet he continues to act in flagrant violation of the court's orders. His affirmation that his failure to pay the Sanctions Order has not been "intentional, willful, or deliberate," and his claim that it is his "first priority to pay the sanction despite the dire state of affairs" he and his family are going through, ring hollow given his continued failure to appear in court and comply with the court's orders. (See id. ¶¶ 2, 12.) In his affidavit, he requested that the court not order him in coercive custody so that he could make previously missed monthly payments "within a reasonable amount of time." (Id. ¶ 11.) In the more than three intervening months, however, Borzouye has not made any such payments, nor has he provided the information that would show that he is unable to make such payments. In short, the court concludes that Borzouye is just fine with ignoring his obligations to the court and the Self Help Defendants, as long as he appears in court to apologize after the fact. This course of events does not amount to a showing of good faith; it is a farce and a fraud on the court. Borzouye's continued and repeated failure to follow this court's orders shows that he lacks good faith and, accordingly, that he has acted willfully in violating the Sanctions Order.

## IV. CONCLUSION

In sum, for the reasons set forth in the M&O, the court finds that the character and magnitude of the harm caused by Borzouye was significant. Additionally, for the reasons set forth in this order and on the record, the court finds that Borzouye has not shown that he is unable to pay any part of the outstanding sanctions and, thus, that coercive sanctions are likely to be effective. Finally, because Borzouye's violation of the court's orders has been willful, and because the court does not believe that additional monetary sanctions are likely to be effective given his refusal to pay what he already owes, the court finds that imprisonment is an appropriate sanction. The court has accordingly signed an arrest warrant directing the United States Marshals to take him into their custody and hold him there until he satisfies the court's orders regarding documentation of his inability to pay, or until he pays a significant portion of his outstanding monetary sanctions.

SO ORDERED.

Dated: Brooklyn, New York
October 2, 2018

/s Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge